# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3659

_____

THOMAS JAMES EVERSOLE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Paul S. Bryan, Judge.

August 1, 2019

ROWE, J.

Thomas Eversole appeals his judgment and sentence for burglary of a dwelling and dealing in stolen property. Eversole argues that the trial court erred in denying his motion to suppress statements he made to police during a recorded interview without his counsel present. For the reasons below, we affirm.

*Facts*

Following his arrest, Eversole was booked into the local jail to await trial. At first, he refused to speak to investigators and retained attorney Travis Koon to represent him.

But seven weeks after he was taken into custody, Eversole told a deputy at the jail that he wanted to speak with the police. When Eversole made the request, he did not ask for his attorney to accompany him. Eversole was transported to the Sheriff's office for an interview, which was conducted by Detectives Watson and Foote. Watson read Eversole his *Miranda* rights. Eversole stated he understood his rights and wanted to speak to the officers about the burglary and other charges pending against him.

Within the first five minutes of the interview, the following exchange occurred:

> WATSON: Okay. And having your rights in mind do you wish to talk to us right now?
>
> EVERSOLE: Yeah, I. do.
>
> WATSON: Okay.
>
> EVERSOLE: If we were to try to get a hold of Travis Koon and get him out here do you think we could get him out here?
>
> WATSON: Yeah, that's up to you. If you want to try to get a hold of him. What he's probably gonna do is, depending on his schedule, he may want to reschedule you to a time based on his schedule, so we would have to see about that. I don't know---Like I don't know Travis' schedule. I don't know if he can drop what he's doing and come straight out here or if he's available right now or available later. So I don't know.

Eversole responded by indicating dissatisfaction with Koon's representation of him, and by repeating rumors he had heard about Koon. Eversole asked if he needed a different attorney, and the following exchange occurred:

> WATSON: If you're unhappy with your lawyer, and you feel like you've got cause to do that, you can certainly ask the Court for a different one.

2

EVERSOLE: I've paid him.

WATSON: Okay. Well, then that's up to you then. If you're paying him to be your lawyer you can cancel that and ask for a different one.

After considering the responses from the detectives, Eversole resumed the conversation and began to discuss the charges against him. The interview lasted almost seven hours during which Eversole made several incriminating statements.

Eversole moved to suppress the statements made during his recorded police interview. He argues that the statements were unlawfully obtained because he made an unequivocal request for counsel that required the detectives to end the interview or wait for the arrival of his attorney. Alternatively, he argued that even if the statements were equivocal, the detectives steamrolled him into continuing the interview instead of providing simple and straightforward answers to his questions about his rights. The trial court denied the motion, finding that Eversole did not make an unequivocal request for counsel, and that the detectives' responses complied with the requirements of the law.

The case went to trial, and a jury found Eversole guilty of burglary and dealing in stolen property. Eversole appeals.

*Standard of Review*

When considering a trial court's ruling on a motion to suppress, we apply a mixed standard of review. *Scott v. State*, 151 So. 3d 567, 573 (Fla. 1st DCA 2014). We will affirm a trial court's factual findings if they are supported by competent, substantial evidence. *Id.* We review a trial court's conclusions of law de novo. *Id.*

*Analysis*

Eversole argues that his motion to suppress should have been granted because: (1) he made an unequivocal request for counsel; (2) or if his request was equivocal, the detectives did not provide

3

simple, straightforward answers to his questions about his right to counsel.

When a suspect "clearly and unequivocally" requests counsel at any time during a custodial interview, the police must immediately stop an interrogation. *Davis v. U.S.*, 512 U.S. 452, 458 (1994). But the police need not stop an interview when a suspect makes an equivocal or ambiguous request for counsel. *Washington v. State*, 253 So. 3d 64, 68 (Fla. 1st DCA 2018). When determining whether a suspect's statement was an unequivocal request for counsel, a reviewing court must consider the totality of the circumstances. *Deviney v. State*, 112 So. 3d 57, 72 (Fla. 2013).

Here, Eversole argues that he unequivocally requested counsel when he said, "If we were to try to get a hold of Travis Koon and get him out here do you think we could get him here?" But statements such as "maybe I should talk to a lawyer" are not requests for counsel. *Davis,* 512 U.S. at 462. These types of statements do not require the police to ask clarifying questions as long as the suspect was properly made aware of his rights. *Spivey v. State*, 45 So. 3d 51, 54 (Fla. 1st DCA 2010). "The suspect must 'articulate his desire to cut off questioning with sufficient clarity that a reasonable police officer in the circumstances would understand the statement to be an assertion of the right to remain silent.'" *Id*. at 54 (quoting *State v. Owen*, 696 So. 2d 715, 718 (Fla 1997)). Eversole's question about contacting Koon was a conditional and equivocal request because it did not clearly express Eversole's desire to call his attorney and halt the interrogation or that he would not answer any questions without his attorney present. *Spivey*, 45 So. 3d at 55 (finding that statement was a conditional request because it was prefaced with the word "if").

Eversole argues that even if his request were equivocal, the detectives interviewing him did not give straightforward answers to his questions about his right to contact counsel and instead "steamrolled" him into answering their questions. The Florida Supreme Court has held: "[I]f, at any point during custodial interrogation, a suspect asks a clear question concerning his or her rights, the officer must stop the interview and make a good-faith effort to give a simple and straightforward answer." *Almeida v. State*, 737 So. 2d 520, 525 (Fla. 1999). If the officer properly

4

answers the question, the interrogation can resume—assuming the suspect does not invoke his right to counsel. *Id*. The Florida Supreme Court has emphasized that the police need not "act as legal advisors or personal counselors for suspects." *State v. Glatzmayer*, 789 So. 2d 297, 305 (Fla. 2001). "All that is required of interrogating officers . . . is that they be honest and fair when addressing a suspect's constitutional rights." *Id*. at 305.

In *Almeida*, after the defendant had been properly Mirandized, the police asked, "Do you wish to speak to me now without an attorney present?" 737 So. 2d at 522. The defendant responded, "Well, what good is an attorney going to do?" *Id*. at 522. Rather than answer the question in a simple manner, the court held that the police "steamrolled" the defendant by responding "Okay, well you already spoke to me and you want to speak to me again on tape? We are, we are just going to talk to you as we talked to you before, that is all." *Id*. at 522. The court held that the officers should have made an honest effort to answer the defendant's question. *Id*. at 525. Instead, the officers' answers exacerbated the inherently coercive environment and placed in doubt the validity of the prior waiver because the defendant's answer suggested a lack of understanding. *Id*.

In *Glatzmayer*, the defendant asked officers if "they thought he should get a lawyer?" 789 So. 2d at 300. The officers responded that it was his decision. The Florida Supreme Court held, "Unlike the situation in *Almeida*, the officers did not engage in 'gamesmanship'; they did not try 'to give an evasive answer, or to skip over the question, or to override or 'steamroll' the suspect.'" *Id*. at 305.

Here, Eversole asked, "If we were to try to get a hold of Travis Koon and get him out here do you think we could get him here?" The detectives' responses were simple, straightforward and informed Eversole that he had the right to contact his attorney. The officers then conveyed the possibility that they might have to reschedule the interview for a different time based on Koon's schedule. Neither officer evaded Eversole's questions nor tried to steamroll Eversole. Instead, when Eversole asked his questions, they stopped the interview and provided simple and straightforward answers. Under these facts, the officers had a

5

right to continue with the interrogation until Eversole clearly and unequivocally expressed his desire to end the interview or contact counsel.

Because Eversole did not unequivocally invoke his right to counsel, and the detectives provided straightforward and simple answers to Eversole's questions about his rights, the trial court properly denied the motion to suppress.

AFFIRMED.

ROBERTS and KELSEY, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Andy Thomas, Public Defender, and M. J. Lord, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellee.